## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

**DAVID SCHER,**

      **Plaintiff,**

**v.**                                    **Civil Action No. _____**

**SUFFOLK UNIVERSITY AND SUFFOLK
UNIVERSITY LAW SCHOOL,**

      **Defendants.**

TO:    The Honorable Judges of the
      United States District Court
      District of New Hampshire

### <u>NOTICE OF REMOVAL</u>

Petitioner Suffolk University (incorrectly named in the Complaint as both "Suffolk University" and "Suffolk University Law School"), Defendant in the above entitled action, states:

1.    Defendant desires to exercise its rights under the provisions of 28 U.S.C. § 1441, *et seq.*, to remove this action from the Superior Court for Strafford County, New Hampshire, in which said case is now pending under the name and style, *David Scher v. Suffolk University and Suffolk University Law School*, Civil Docket No. 219-2024-cv-00503. Defendant was provided a copy of the Complaint on November 6, 2024. A copy of the Complaint and all other papers received in this case to date are attached hereto as <u>Exhibit A</u>.

2.    Pursuant to 28 U.S.C. § 1441(a), any civil action brought in a state court which the district courts of the United States have original jurisdiction may be removed by the Defendant to the district court of the place where such action is pending.

3.      Pursuant to 28 U.S.C. § 1331, the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

4.      This Court has jurisdiction based on diversity of citizenship.  Plaintiff alleges that he is a citizen of New Hampshire.  Exhibit A, Compl. ¶ 6.  Defendant is a charitable corporation established in Massachusetts and an educational institution located in Boston, Massachusetts.  Defendant is therefore a citizen of Massachusetts.  28 U.S.C. § 1332(c)(1). *See Harrison v. Granite Bay Care, Inc*., 811 F.3d 36, (1st Cir. 2016) (employing the "nerve center" test to determine a corporation's state of residence, and holding that a corporation's "nerve center" (i.e., its principal place of business) is the particular location from which its "officers direct, control, and coordinate the corporation's activities . . . .[g]enerally speaking, this will 'be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination ... and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).'")(internal citations omitted)

5.      There is a reasonable probability that the amount in controversy in this action, excluding interest and costs, exceeds the sum of $75,000.  As an initial matter, Plaintiff stated that he suffered damages of $999,999 in the Civil Complaint Form attached to his Complaint.  Exhibit A.  Plaintiff alleges in his Complaint that he suffered financial loss and monetary damages, lost profits, wages, restitution, interest, and attorneys' fees and costs.  Exhibit A.  Therefore, based upon Plaintiff's stated amount of damages and the nature of the damages he seeks as alleged in the Complaint, it cannot be stated to a legal certainty that the value of Plaintiff's claims is below that amount.  28 U.S.C. § 1332(a).

6.      Venue is proper in this District under 28 U.S.C. § 1446(a) because this District and Division embraces Strafford County, New Hampshire, where this action is currently pending in the State of New Hampshire Superior Court.  Defendant reserves the right to seek transfer to another federal district and/or division.

7.      Defendant was provided a copy of the Complaint on November 6, 2024 and is filing this notice within thirty (30) days of that date, as required by 28 U.S.C. § 1446(b)(1).

8.      Defendant will promptly file a Notice of Filing of Removal of Action to Federal Court (attached hereto as Exhibit B) and a copy of this Notice of Removal with the Clerk of the Superior Court, Strafford County, State of New Hampshire, where this action has been pending, pursuant to 28 U.S.C. § 1446(d)**.**

9.      Defendant will serve written Notice to Plaintiff's Counsel of Filing of Removal of Action to Federal Court (attached hereto as Exhibit C) and copies of this Notice of Removal on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

11.     For the reasons stated above, this action is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441.

12.     By filing this Notice of Removal, Defendant is not making a general appearance and is not waiving any defenses and/or grounds for dismissal that may be available to it pursuant to Rule 12 of the Federal Rules of Civil Procedure and/or any other applicable rules, including, but not limited to, those related to service, service of process, sufficiency of process, venue, or jurisdiction.  Defendant specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

WHEREFORE, Defendant prays that the above action now pending against it in the Superior Court for Strafford County, New Hampshire be removed therefrom to this Court.

Respectfully submitted,

SUFFOLK UNIVERSITY,

By its Attorneys,

*/s/Gregory Manousos*
Gregory A. Manousos (NH Bar No. 278303)
Morgan, Brown & Joy, LLP
200 State Street, 11th floor
Boston, MA  02109
T: (617) 523-6666
F: (617) 367-3125
gmanousos@morganbrown.com

Dated:  December 3, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon Plaintiff via e-mail and first-class U.S. mail on December 3, 2024 at:

David Scher
5 Excalibur Road
Farmington, NH 03835
Daves1232015@gmail.com


*/s/Gregory Manousos*
Gregory A. Manousos

# EXHIBIT A

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Strafford Superior Court
259 County Farm Road, Suite 301
Dover NH 03820

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## SUMMONS IN A CIVIL ACTION



Case Name:     **David Scher v Suffolk University**
Case Number:   **219-2024-CV-00503**

Date Complaint Filed: October 28, 2024
A Complaint has been filed against Suffolk University in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| December 15, 2024 | David Scher shall have this Summons and the attached Complaint served upon Suffolk University by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| January 05, 2025 | David Scher shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Suffolk University must electronically file an Appearance and Answer or other responsive pleading form with this Court. A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Suffolk University:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:
David Scher
Suffolk University

5 Excalibur Road Farmington NH 03835
Incorp Services Inc 152 S Mast Street Goffstown NH 03045

BY ORDER OF THE COURT

October 31, 2024

Kimberly T. Myers
Clerk of Court

(1261021)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Strafford Superior Court
259 County Farm Road, Suite 301
Dover NH  03820

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## DAVID SCHER
## INSTRUCTIONS FOR SERVICE
## BY THE SHERIFF'S DEPARTMENT

Case Name:    **David Scher v Suffolk University**
Case Number:  **219-2024-CV-00503**

**Instructions for:** David Scher

The attached Summons must be sent to the Sheriff's Department for service.  Service must be completed on or before **December 15, 2024.**

**Further action is required by you**

You must:
- **Print two copies of the Summons per defendant**
- **Print two copies of the Notice to Defendant per defendant**
- **Print two copies of the Complaint filed with the Court per defendant**
- **Make two packets for service.  Each packet should contain:**
  - **One Summons**
  - **Once Notice for Defendant**
  - **One Complaint filed with the Court**
- **Mail or hand deliver the packets to the Sheriff's Department in the county where each defendant resides.**

**Sheriff Departments in New Hampshire:**

| | |
|---|---|
| Belknap County Sheriff's Department: | Hillsborough County Sheriff's Department: |
| Carroll County Sheriff's Department: | Merrimack County Sheriff's Department: |
| Cheshire County Sheriff's Department: | Rockingham County Sheriff's Department: |
| Coos County Sheriff's Department: | Strafford County Sheriff's Department: |
| Grafton County Sheriff's Department: | Sullivan County Sheriff's Department: |

**\*If one or more of the parties resides out of state, please click here for the requirements\***

Service must be made upon the defendant before **December 15, 2024.**

If the Sheriff is unable to complete service by **December 15, 2024** you will receive a "Notice of Incomplete Service" from the Sheriff's Department.  You may request that new paperwork be issued by electronically filing a Request for Documents.  There is a fee for this request.

The Sheriff will mail the 'Return of Service' to you.  You MUST electronically file the 'Return of Service' with the court by January 05, 2025.

**If service is not made as directed, no further action will occur and the case may be dismissed by the court.**

NHJB-2678-Se (07/01/2018)

# Important Service Information for Sheriff

<u>Do not file this with the court</u>
Provide this information to the Sheriff's Department.
See Instructions for Service for more information.
**PLEASE PRINT CLEARLY**

Date: _____    Case #: _____

<u>**Who are you requesting to be served?**</u>
Please provide whatever information you know

Name: _____

Address for service (no P.O. boxes):

_____    APT #: _____

_____

Home phone #: _____    Cell phone #: _____

Sex: ☐ Male  ☐ Female    Race: _____

Last 4 digits of SS#: xxx-xx-  ____  ____  ____  ____    D.O.B. _____

Work name & address:

_____

Special instructions for service (i.e. directions, best time to serve, cautions, etc.):

_____

_____

Vehicle description/license plate:

_____

<u>**Your Information:**</u>
Name (please print): _____

Residential address:                              Mailing address:

_____        _____

_____        _____

Phone number to contact you during business hours:

_____ Alternate #: _____

_____
Signature

♦IN-HAND SERVICE WILL INCUR EXTRA COSTS DUE TO ADDITIONAL TRAVEL♦

**SHERIFF OFFICE USE ONLY: (This will vary by Sheriff's Office)**

Fees Paid: $_____ Cash #: _____ Check#: _____
Id#: _____ Waiver: _____ Money Order#: _____ Credit Card: _____
Sheriff File # _____ Authorization #: _____

NHJB-2678-Se (07/01/2018)

Instructions for filing the Return of Service:

If you are working with an attorney, they will guide you on the next steps. If you are going to represent yourself in this action, go to the court's website: www.courts.nh.gov, select the Electronic Services icon and then select the option for a self-represented party.

1. Select "I am filing into an existing case". Enter 219-2024-CV-00503 and click Next.

2. When you find the case, click on the link follow the instructions on the screen. On the "What would you like to file?" screen, select "File Other Document" and choose "Return of Service".

3. Scan the Return of Service packet and follow the instructions in the electronic filing program to upload the Return of Service to complete your filing.

4. If the sheriff was unable to serve the paperwork, you can request new paperwork by filing a Request for Documents. On the "What would you like to file?" screen, select "File Other Document" and choose "Request for Reissued Summons" from the menu and upload the Request for Documents form.

## FAILURE TO FILE THESE DOCUMENTS MAY RESULT IN YOUR CASE BEING DISMISSED.

October 31, 2024                                  Kimberly T. Myers
Date                                              Clerk of Court

You can access documents electronically filed through our Case Access Portal by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide. In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Strafford Superior Court
259 County Farm Road, Suite 301
Dover NH  03820

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## NOTICE TO DEFENDANT

Case Name:  **David Scher v Suffolk University**
Case Number:  **219-2024-CV-00503**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Strafford Superior Court.**  Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.nh.gov, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process.  Click Register and follow the prompts.

2. After you register, click Start Now.  Select **Strafford Superior Court** as the location.

3. Select "I am filing into an existing case".  Enter **219-2024-CV-00503** and click Next.

4. When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File a Response to Civil Complaint".  Follow the instructions to complete your filing.

5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.nh.gov.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

THE STATE OF NEW HAMPSHIRE

STRAFFORD COUNTY                                          SUPERIOR COURT

| | |
|---|---|
| DAVID SCHER <br>                         Plaintiff. <br><br> v. <br><br> SUFFOLK UNIVERSITY AND <br> SUFFOLK UNIVERSITY LAW <br> SCHOOL <br>                   Defendants. | CIVIL ACTION NO. <br><br> 219-2024-CV-00503 |

## COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT

### INTRODUCTION[1]

1. This action arises from the actions of Suffolk University and Suffolk University Law School (hereafter referred to individually or collectively as "SULS", "University", "Law School" or "Defendant") taken against the Plaintiff David Scher (hereafter referred to as "Plaintiff"), who completed the Universities requirements for the Juris Doctorate Program and participated in the graduation commencement on May 20, 2013 despite having an unresolved disciplinary matter. The University received tuition and allowed Plaintiff to start and complete his final year of study where, Plaintiff successfully satisfied the Degree Requirements published in the Student Handbook and was included in the Law School's graduation commencement with his classmates before his family and friends. SULS deviated from their Student Handbook and applied additional Degree Requirements to Plaintiff that did not exist, were inapplicable, impractical or otherwise

---

[1] Plaintiff reluctantly brings this Complaint after having exhausted all other administrative options and does not in any way relish the idea of litigation with a law school as the only possible means to potentially remedy an outcome that is punitive, inherently unfair and arguably cruel.

1

applied in an arbitrary and capricious fashion.[2] SULS further classified Plaintiff as a "Student" until 2017, when he was officially "dismissed" despite not having been enrolled since completing the Degree Requirements in 2013. Plaintiff has exhausted all administrative proceedings, including petitioning SULS for readmission, an impractical obligation imposed on Plaintiff resulting in a predetermined denial. The final outcome being so perversely punitive and contrary to reasonable expectations that the only remedy must be achieved by balancing the scales through the appropriate judicial redress. The completion of any Juris Doctorate program from an institution accredited by the American Bar Association (hereafter, "ABA") requires a tremendous commitment of financial resources and personal sacrifice that cannot be understated. Plaintiff seeks equitable, monetary and other relief for wrongdoing and irreparable harm resulting from, among other things, Defendant's *Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Unconscionability, Unjust Enrichment* and *Declaratory Judgment.*

## JURISDICTION AND VENUE[3]

2.  Jurisdiction is appropriate pursuant to NH Rev Stat § 491:7, NH Rev Stat § 498:1, NH Rev Stat § 292:8-g and NH Rev Stat § 293-A:15.10.

3.  Jurisdiction is also appropriate pursuant to NH Rev Stat § 508:4-c, as Plaintiff has sustained damages within the minimum and maximum limits of the Court to which the pleadings address herein.

4.  Jurisdiction is further appropriate pursuant to Cossaboon v. Maine Medical Center, 600 F.3d 25, 37 (1st Cir. 2010) and Holloway v. Wright & Morrissey, Inc., 739 F.2d 695, 697 (1st Cir. 1984).

5.  Venue is appropriate pursuant to NH Rev Stat § 502-A:16 and NH Rev Stat § 502-A:14.

---

[2] All references made to the SULS Rules, Policies and Procedures are specific to those that were in place while Plaintiff was an actively enrolled student, some of which may have since been updated, amended or modified.

[3] According to SULS, more than one in every four (27%) of sitting judges in Massachusetts graduated from Suffolk Law. *See* https://www.suffolk.edu/law/about/suffolk-laws-impact/mass-judges-from-suffolk#

2

**PARTIES**

6. Plaintiff David Scher is an individual and resident of the State of New Hampshire residing in Strafford County, New Hampshire. Plaintiff was enrolled as a Student at Suffolk University Law School from about August 2010 through May 20, 2013 when he participated in the graduation commencement upon completion of the published Degree Requirements for the Juris Doctorate Program.

7. Defendant Suffolk University is a registered Higher Education Corporation in the State of New Hampshire pursuant to RSA 292:8-g with assigned Business Identification Number 706386 and a Principal Office Address of 8 Ashburton Place in Boston, Massachusetts, having a Registered Agent for service of process identified as Incorp Services, Inc. located at 152 S. Mast Street in Goffstown, New Hampshire. As a registered corporation and educational entity, Suffolk University is subject to the jurisdiction of the New Hampshire and the New Hampshire Department of Education.[4] Suffolk University through its Agents, contractors, subsidiaries or divisions took part in the wrongdoing alleged herein.

8. Defendant Suffolk University Law School is a division of Suffolk University, as reflected by the Massachusetts Secretary of State and having a principal Location of 120 Tremont Street in Boston, Massachusetts. SULS has been an accredited member of the American Bar Association ("ABA") since 1953. Suffolk University Law School directly or through its parent company, agents, contractors, subsidiaries or divisions took part in the wrongdoing alleged herein.

**FACTS**

I.   **The Contract**

9. Plaintiff was accepted into the SULS Juris Doctorate Degree Program on or about June 30, 2010 from SULS. The acceptance letter constituted an offer to enroll. Plaintiff was

---

[4] Letter attached to corporate filing from Richard Gutafson, Director of N.H. Dept. of Education to Danielle Manning, Senior VP/Treasurer, Suffolk University dated January 10, 2014.

3

admitted to several other competitive law schools, some offering generous financial incentives.

10. Plaintiff accepted the offer to enroll at SULS by submitting a *Notice of Intention* and remitted the required five-hundred dollar ($500.00) deposit. Prior to doing so, Plaintiff reviewed, considered and weighed the Student Handbook which included, among other things, "Degree Requirements", "Student Disciplinary Procedure", and various other Rules, Policy, and Regulations. Plaintiff's desire to enroll at SULS was also motivated by the fact that the Law School was fully accredited by the ABA.

11. In consideration of Plaintiffs enrollment from August 2010 - May 2013, SULS received periodic tuition payments, well in excess of the minimum threshold of twenty-five thousand dollars ($25,000). Upon completion of the Degree Requirements published in the Student Handbook, SULS would confer the award of a Juris Doctorate to Plaintiff.

12. From 2010 through 2013, Plaintiffs Student Account Payment History indicates that SULS received payments totalling $283,518.50 on behalf of Plaintiff.[5]

13. There is an enforceable contractual relationship[6] between Plaintiff and Defendants created by the Student Handbook, a document created and drafted by SULS.

14. The Student Handbook constitutes a contract of adhesion by virtue of the unilateral and non-negotiable rights and obligations that allocated little or no negotiating power to Plaintiff.

15. The Student Handbook is guided by the reasonable expectations it creates for students and basic principles of fairness.

## II.    Disciplinary Proceedings

16. Plaintiff suffered from psychiatric disabilities that were documented with SULS.

17. Student Disciplinary Procedure ("SDP") in effect at that time had been previously approved by the faculty on October 22, 2009.

18. On February 15, 2013 Plaintiff received notice from Dean Laura Ferrari ("Dean Ferrari") stating that she had been informed of a matter involving the Plaintiff and another

---

[5] This amount reflects a gross figure as opposed to a net amount, which may be smaller.
[6] The Student Handbook has also been commonly referred to as a "putative contract" between a student and educational institution.

student's laptop and that the matter had been referred to the schools Administrative
Committee per the SDP. The laptop in question had been previously recovered and
returned to its owner on or about January 28, 2013.

19. A disciplinary complaint alleging student misconduct was issued on or about March 12,
2013. Concurrently, the Suffolk University Police Department ("SUPD") submitted an
application for a criminal complaint.

20. An informal hearing was held on or about April 12, 2013 and April 17, 2013,
respectively.

21. Shortly prior to graduation, Plaintiff was notified of the Informal Hearing Committees
adverse findings of responsibility. The Informal Committee's decision and findings were
subject to a formal hearing before a new committee to be heard *de novo* pursuant to Rule
10 of the SDP.

22. On April 29, 2013 Plaintiff was advised by the Dean that he would be permitted to
participate in the law school graduation commencement on May 20, 2013, so long as the
degree requirements were met, regardless of the pending disciplinary matter and despite
Rule 29 of the SDP allowing for her to place Plaintiff on administrative leave pending
criminal investigation or proceedings.[7]

23. On May 19, 2013 Plaintiff emailed the Dean and communicated that he did not realize
SULS was intending to withhold the award of his diploma in light of the fact that he had
completed the Degree Requirements, having paid tuition and not being placed on
administrative leave per Rule 29 of the SUDP, created a reasonable expectation that he
would receive his diploma, especially in the absence of a rule or policy in the Student
Handbook to the contrary.

24. On May 28, 2013 per advice from counsel, Plaintiff invoked his right to defer the formal
disciplinary proceedings until the resolution of the criminal matter without any adverse
inference being drawn in accordance with Rule 28 of the SULS SDP. Under these
circumstances, the outcome of the disciplinary matter is largely dependent on the

---

[7] Placing a student on administrative leave pending a criminal investigation is a common and standard
practice. *See* Anderson v. Trustees of Dartmouth College, 2020 D.N.H. 210 (D.N.H. 2020).

outcome of a pending criminal matter that was initially filed by the SULS Police Department.

25. Commentary from correspondences between disciplinary committee members dated May 28, 2013 included statements such as "*[i]t ain't over yet. He has followed up with a long rambling "complaint" that he is entitled to his degree because they let him walk across the stage...luckily I am not responsible for replying to that one!*".[8] Other email discussions between committee members jokingly referenced alcohol consumption and personal "beer" outings on the morning of Plaintiffs scheduled hearing date.[9]

26. On June 7, 2013 Plaintiff was advised by Dean Cove from the SULS Office of the Registrar that his student records reflected that he was an "active student" due to the ongoing disciplinary matter. Nothing in the Student Handbook rules or procedures specifically authorized this after a student has completed the Degree Requirements.

27. In a correspondence dated August 1, 2013 SULS responded to a FERPA hearing request from Plaintiff to change his active student status because he was no longer enrolled and had completed the degree requirements. The correspondence stated, in part that "... *the Law School declines to provide you with a hearing regarding your request for amendment of education records.*"

28. On or before about May 20, 2013 Plaintiff had completed everything required for his application to the New Hampshire Board of Examiners along with the approximate non-refundable fee of seven hundred dollars ($700) with the exception of a copy of his Juris Doctorate diploma. Ultimately, the application could not be processed and the application fee was forfeited.

29. A written statement dated July 2, 2013 from Counsel for SULS acknowledged that the Plaintiff had completed the "academic requirements for a degree" but maintained that SULS would not award a degree "while *this* disciplinary matter [was] pending"...

---

[8] Email sent by Rosanna Cavallaro to Bernard Keenan sent May 28, 2013 at 7:28 PM.
[9] Email sent by Chris Dearborn to Rosanna Cavallaro; Frank Cooper; Samantha Moppett; Bernard Keenan sent Tuesday, May 28, 2013 at 4:42 PM; *Also see* email sent by Samantha Moppett to Chris Dearborn; Rosanna Cavallaro; Frank Cooper; Bernie Keenan sent Tuesday, May 28, 2013 at 7:11 PM; *Also see* email sent by Frank Cooper to Samantha Moppett; Chris Dearborn; Rosanna Cavallaro; Bernard Keenan sent May 28, 2013 at 7:32 PM.

30. On or about March 10, 2014 SULS in cooperation with Prosecuting A.D.A., Erica Brody held a practice session in the law school's moot court in preparation for the criminal trial against Plaintiff stemming from the laptop. Upon information and belief, witnesses present included, among others Dean Laura Ferrari, Dean Lorraine Cove, and Dean Michelle Harper.

31. The criminal complaint filed by SUPD and subsequent prosecution ultimately led to a conviction in 2014 nearly a year after Plaintiff had completed the published Degree Requirements. After a string of related events and conscious or unconscious choices, the circumstances reached a painful boiling point resulting in incarceration for nearly a year followed by years of probation and the revocation of Plaintiff's professional licenses.

32. On February 3, 2017 SULS issued a final denial of Plaintiff's disciplinary appeal. The letter stated, in part "...*you are hereby dismissed from Suffolk University Law School. The effective date of your dismissal is February 2, 2017.*" The letter went on to state that a dismissed student had the right to petition the school for readmission under "Rule VI." and that "*[i]f the applicant is readmitted, the applicant may not enroll before 24 calendar months have elapsed since the "effective date of dismissal.""*

33. After Plaintiff's time at SULS and the conclusion of his disciplinary proceedings, the Law School recognized the need to remedy the ambiguity in their disciplinary procedures, particularly concerning issues addressing whether a student may receive their degree with a pending disciplinary matter. Currently the SULS rules and procedures provide for a newly adopted provision addressing this issue:

> *No degree will be conferred upon the student subject to a disciplinary complaint until such time as either (1) the Factfinding Subcommittee finds no sanctionable conduct or (2) the Dean issues a final sanction, and that sanction is completed.*[10]

34. On February 11, 2021 Plaintiff emailed Dean Ferrari requesting details and instructions for petitioning the Law School for readmission in accordance with information referenced in the final dismissal letter. Later that day, Plaintiff received an email from the admissions office which included a Readmission Form for Fall 2021.

---

[10] SULS Disciplinary Procedure § 5(23), Approved by the Law Faculty May 16, 2024.
https://www.suffolk.edu/law/academics-clinics/student-life/policies-rules/student-policies-procedures/disciplinary-procedure-policy

35. On April 5, 2021 Plaintiff emailed his completed Petition for Readmission Form to the SULS Admission Office in accordance with instructions from SULS.

36. Plaintiff's Petition presented compelling mitigating circumstances and obvious signs of rehabilitation, including but not limited to written statements from his Psychologist and Psychiatric prescriber stating, essentially, that at the time of Plaintiff's prior misconduct, Plaintiff had been severely misprescribed for an extended period of time that induced long periods of mania and that, in the absence of the atypical medication and dosage prescribed, Plaintiff would not have engaged in the wrongful conduct. The letters also described Plaintiff's commitment to therapy for years, making remarkable strides to rehabilitate himself and becoming a loving Father to a young Child that he lived with and that Plaintiff wished to move forward with his life and provide for his family.

37. On April 29, 2021, Dean Bonniwell emailed Plaintiff explaining that the Law School Rules required her to make a recommendation to faculty regarding a student's petition for Readmission. She further explained:

> "*Before making a recommendation to the faculty concerning your readmission, I would like you to provide additional information… I would like to know whether your past character and fitness issues will preclude you from admission to the bar even if you successfully pass the bar exam. Accordingly, please obtain a letter from the [Board of Bar Examiners] in whichever state you intend to practice, stating that your past conduct is not an obstacle to bar admission.*
>
> *I understand that you may not choose to seek admission to the bar or practice as an attorney. However, as an ABA-accredited law school, my office is mindful of ABA Standard 501(b), which states: "A law school must only admit applicants who appear capable of completing school, passing the bar exam, and being admitted to the bar." Accordingly, without additional information about your bar status, I will be unable to provide a positive recommendation to the faculty concerning your readmission.*"

38. On July 21, 2021, Plaintiff replied to Dean Bonniwell's email explaining that he had spoken to the Administrator for the New Hampshire Bar of Admissions about the request from SULS and was informed that as a matter of policy, the New Hampshire Bar would

never issue an advisory opinion as to whether any potential future applicant's past conduct will, or will not, be an obstacle to bar admission.

39. On July 27, 2021 Plaintiff received a reply advising that his "application for readmission" was now complete.

40. On October 27, 2021 SULS issued the Plaintiff a Denial Letter pertaining to his Petition for Readmission. The Denial Letter provided no explanation and stated that the decision was final and Plaintiff may not petition for readmission for a minimum of five (5) years.

41. On June 29, 2024, Plaintiff emailed the Dean inquiring if there are circumstances in which SULS might be willing to reconsider his Petition and re-evaluate it prior to the five year minimum waiting period." SULS did not provide a response.

42. On September 11, 2024, Plaintiff followed up with an email to Laura Ferrari who was now serving as Vice President of the University. VP Ferrari forwarded Plaintiff's email to Dean Orlando who replied the following day on September 12, 2024 stating that he had *"consulted with [his] colleagues on [the matter of Plaintiff's Petition]. Unfortunately, we are not able to consider a new petition until the five year period lapses…"*

43. Plaintiff has not been enrolled as a student at SULS since May 2013 nor has he enjoyed any of the benefits of being a student such as access to the SULS online resources, library or facilities.

44. Records of the US Department of Education reflect that Plaintiff has not been an active student at SULS since May 2013.

45. At the time of graduation Plaintiff had satisfied all Degree Requirements in effect on or about May 20, 2013. Specifically, Plaintiff had completed three years of full-time study at SULS and was in good academic standing. Plaintiff's complete law school record reflected a cumulative weighted average of at least 2.00 and unsatisfactory grades outstanding in no more than three courses and no member of faculty had cause other than failure to meet the degree requirements to withhold a recommendation to the Trustees.

46. In or about March, 2024 after a hearing, the Real Estate Board unanimously voted to remove the revocation from Plaintiff's Brokers License status, allowing for reinstatement of his license.

47. Upon information and belief, the unanimous decision by the Real Estate Board was based substantially upon evidence demonstrating Plaintiff's rehabilitation since the incidents leading to the revocation of his license. This included, among other things, nearly a recommendation from Psychologists and Psychiatric providers whom Plaintiff received regular counseling and treatment for nearly a decade. Plaintiff presented evidence that he was a dedicated Father to a young child who he had recently been awarded legal and residential custody for school purposes. Also considered were a number of letters of recommendations from personal friends and acquaintances including a doctor, a nurse, an employee of a federal regulatory body, a director of an international real estate investment firm and a letter from the Director of the YMCA where Plaintiff had volunteered as a "Life Skills Aide" in their "GOST" Program working with students struggling with disabilities on a weekly basis.

48. On one or more occasions, SULS provided written acknowledgement of their obligation to adhere to the reasonable expectations created by the Law School's Rules, Regulations, Policies and disciplinary proceedings as well as to apply them with basic fairness and not in an arbitrary and capricious manner.

49. On a number of different occasions, at times relevant to the allegations, Plaintiff, in writing, communicated and complained to SULS and relevant parties that SULS had violated, or was violating his reasonable expectations that were created by the Law School's Rules, Regulations, that all policies and disciplinary proceedings were not being conducted with basic fairness and that SULS application of the same to Plaintiff was being done in an arbitrary and capricious fashion.

50. Upon information and belief, SULS refusal to confer a Juris Doctorate diploma was motivated by and intended to prevent Plaintiff from being able to practice law for his conduct by precluding him from being able to apply to the Bar without a diploma. SULS also wished to ostracize Plaintiff from being associated with the University as an alumni graduate.

51. Upon information and belief, it is generally accepted that a degree reflects only that an individual completed a certain curriculum and therefore has been educated with specific

knowledge relative to a field of study. A degree does not represent one to be of good moral character.

52. Upon information and belief, the holder of a Juris Doctorate generally permits that individual to apply for admission to the practice of law with the Board of Bar of Examiners. To be admitted, among other things in addition to holding a Juris Doctorate, one must be vetted and determined to be of good moral character by the licensing authority, not the institution that conferred the Juris Doctorate.

53. Other law schools and graduate institutions have published policy and procedures for graduating and awarding a degree while a disciplinary matter is pending. *See* NYU School of Law, Academic Code – Student Disciplinary Procedures; *Also see* University of Georgia Law, Student Handbook, General Requirements for the Juris Doctor Degree ("*No student shall graduate or participate in commencement if a disciplinary action or hearing is pending...*"); The John Marshal Law School Student Handbook, Student Code of Conduct ("*...the law school reserves the right to withhold a degree...*"); Pace Law Degree Requirements ("*The Law School shall only provisionally certify any student against whom [a]...proceeding is pending.*"); University of Chicago Law School, Disciplinary Procedures (having no reservation to withhold the awarding of a degree while disciplinary allegations are pending but "*[t]he Law School...may recommend revocation of the degree for misconduct that occurred before the degree was awarded.*")

54. Unlike several other law schools and universities, SULS did not have a rule addressing circumstances where a student completes their academic program while allegations are pending.

III.   **Disciplinary Rules**[11]

55. Rule 10 of the SULS SDP granted a student the right to appeal an Informal Hearing Committees findings to a new, Formal Hearing Committee who would hear the allegations *de novo*.

---

[11] Disciplinary Procedures effective at times relevant to the allegations were approved by the Faculty on October 22, 2009.

56. Rule 25 of the SULS SDP in effect at that time prohibited Students from being represented by counsel or an adviser that is an employee of Suffolk University. Plaintiff's counsel in the related criminal matter was a SULS employee or otherwise fell into this category.

57. Rule 28 of the SULS SDP in effect at that time permitted a student to defer disciplinary proceedings when there is a concurrent criminal matter, *with no adverse inferences*.

58. Rule 29 of the SULS SDP in effect at that time permitted the Dean to place a student on administrative leave of absence for the period of time and under terms and conditions deemed necessary by the Dean. The disciplinary matter was initiated just after Plaintiff's second to last semester and Plaintiff was permitted to begin and complete his final semester of study.

59. At no time did SULS Disciplinary procedure reflect a provision permitting SULS to withhold the award of a diploma pending the outcome of a disciplinary matter. The "clearly defined" standards required by ABA 303(a) were outlined in the "Degree Requirements" ([1] - [4]). Nowhere in these requirements was there any defined standard for pending disciplinary matters to be fully resolved prior to receiving a diploma.[12]

60. At no time prior to the May 20, 2013 graduation were there any final or binding adverse findings, decisions or sanctions imposed or in effect with regard to any disciplinary or criminal matter.

## IV.   American Bar Association and Accreditation Standards in Effect[13]

61. SULS is an accredited member of the ABA. Additionally, SULS is a member of the Association of American Law Schools ("AALS") and accredited by the New England Association of Schools and Colleges.

62. ABA accreditation requires SULS to uphold and maintain certain requirements, policy, standards, and procedures better known as the "ABA Standards."

---

[12] After May 20, 2013, SULS recognized this and amended the standards to require resolution to disciplinary matters prior to the conferance of a diploma.

[13] The ABA Standards cited can be found in all editions from 2009 - 2014 located in the ABA Standards Archives. *See* https://www.americanbar.org/groups/legal_education/resources/standards/standards_archives/

63. Plaintiff would not have enrolled at SULS if it were not fully accredited by the ABA.

64. Plaintiff had a reasonable expectation that SULS would adhere to their duty to comply with the ABA Standards.

65. ABA Standard 303(a), Academic Standards and Achievements required SULS to provide clear degree requirements by maintaining and adhering to "... *clearly defined standards for good standing and graduation.*"

66. SULS required Plaintiff to resolve the pending disciplinary matters prior to receiving his diploma creating a standard for *good standing and graduation* that was not only not *clearly defined*, but not defined or published anywhere in the Student Handbook. To the extent that withholding a diploma due to a pending disciplinary matter by an institution could be viewed as a reasonable expectation, ABA Standard 303(a) invalidates any basis for this argument because accreditation requires adherence to ABA Standards. Therefore, Plaintiff's only possible reasonable expectation was that SULS would not apply any policy or standard to Plaintiff that was not clearly defined in their published Degree Requirements, Disciplinary Procedures, or anywhere else in the Student Handbook.

67. ABA Standard 303(c) provided that "*[a] law school shall not continue the enrollment of a student ... so that the student's continuation in school would inculcate false hopes, constitute economic exploitation, or detrimentally affect the education of other students.*"

68. After SULS initiated the disciplinary matter, Plaintiff was able to continue his education in the Juris Doctorate program to successful completion of the published Degree Requirements. Plaintiff was allowed to participate in the graduation commencement and was announced and published along with the other graduates. Plaintiff had a reasonable expectation that SULS would not allow for this if they did not intend to confer a diploma, given that ABA Standard 303(c) would require SULS to discontinue collecting tuition and *not continue [Plaintiff's] enrollment* and *continuation in school* as it would almost certainly *inculcate false hopes, constitute economic exploitation.*

**V.    Degree Requirements**

13

69. At all times relevant to the allegations herein, SULS outlined the following Degree Requirements in Law Schools Student Handbook:

*I. Degree Requirements (non-relevant portions omitted)*
*A candidate for the degree of Juris Doctor must be in good academic standing and comply with the following requirements:*
1. *A candidate must have completed at least three years of full-time study in law school...*
2. *A student admitted with advanced standing based on course work completed at another ABA-accredited law school must...*
3. *A candidate's complete law school record must (i) show a cumulative weighted average of at least 2.00; and (ii) show unsatisfactory grades outstanding in no more than three courses....*
4. *Degrees are awarded by the Trustees at Suffolk University on the recommendation of the faculty. Recommendation may be withheld by the faculty for good cause other than failure to meet the foregoing requirements.*

70. On or before May 20, 2013 Plaintiff was in good academic standing in accordance with the "Academic Standard Requirements" section of the SULS Student Handbook in effect at that time.[14] Plaintiff's good academic standing was not impacted by the pendency of a disciplinary matter.

71. On or before May 20, 2013 Plaintiff completed at least three years of full-time study or completed at least four years of part-time study at SULS[15] and was not admitted with advanced standing from another law school.[16]

72. On or before May 20, 2013 Plaintiffs complete law school record reflected a cumulative weighted average of at least 2.00 and unsatisfactory grades outstanding in no more than three courses.[17]

73. On or before May 20, 2013 Plaintiff the SULS faculty did not have cause to withhold recommendation to the Trustees for awarding Plaintiffs a diploma.[18] This was confirmed by the Dean in a written correspondence on May 22, 2013 advising that the

---

[14] SULS Student Handbook, Rules and Regulations, II(C) Academic Standard Requirements.
[15] Degree Requirement [1].
[16] Degree Requirement [2].
[17] Degree Requirement [3].
[18] Degree Requirement [4].

recommending faculty to the University Trustees was not aware of Plaintiff's pending disciplinary matter.

74. On or about May 20, 2013 Plaintiff participated in the SULS Graduation Commencement and was listed in the commencement brochure as graduate of the Juris Doctorate Program before friends, family and peers. Plaintiff was photographed while walking the stage and shaking the Dean's hand as his name was announced to the crowd.

## COUNTS

### I.    BREACH OF CONTRACT (EQUITABLE RELIEF - SPECIFIC PERFORMANCE)

75. The plaintiff hereby repeats, realleges, and incorporates by reference each and every factual allegation and count set forth in both the preceding and succeeding paragraphs as though fully and completely set forth herein.

76. Plaintiff applied to the Juris Doctorate Program at SULS and received an offer to enroll in the form of an acceptance letter.

77. In mutual agreement, Plaintiff accepted the offer to enroll into the Juris Doctorate Program at SULS and paid and secured his enrollment with a deposit.

78. The Student Handbook in effect at that time created a valid and enforceable contract between the Plaintiff and SULS with mutual obligations.

79. The contractual relationship was created by the Student Handbook, created and drafted by the SULS who enjoyed substantially more bargaining power in its contractual relationship relative to Plaintiff.

80. The Student Handbook contained clearly defined, definite terms for Plaintiff to receive a diploma outlined by the Degree Requirements.

81. The contract created by the Student Handbook was free from fraud and not overreaching.

82. In consideration for the Juris Doctorate Program, SULS received periodic tuition payments each semester for the duration of the program from 2010 - 2013. In consideration for tuition paid, SULS would award a Juris Doctorate Diploma to Plaintiff

upon completion of the program in accordance with the Degree Requirements outlined in the Student Handbook.

83. The Degree Requirements in effect at that time did not contain a provision requiring disciplinary matters to be fully adjudicated prior the award of a diploma.

84. SULS received all tuition payments required and Plaintiff performed or substantially performed by completing the Degree Requirements published in the Student Handbook which are required to be clearly defined pursuant to American Bar Association accreditation Standard 303(a) in effect at that time.

85. After completing all academic and Degree Requirements for the Juris Doctorate Program, participating in the May 2013 Commencement and no longer actively enrolled in an academic program, Plaintiff was no longer a "student" at SULS.

86. SULS breached their contractual obligations to Plaintiff by failing to meet his reasonable expectations.

87. SULS breached their contractual obligations by knowingly initiating a disciplinary proceeding that was likely to result in Plaintiff's dismissal and rather than placing Plaintiff on administrative leave, accepted payment in the form of tuition and allowed him to complete his degree requirements, participate in the graduation commencement and violating his reasonable expectation of being conferred a diploma as well as causing Plaintiff to inculcate false hopes.

88. SULS breached the contract by not awarding Plaintiff his Juris Doctorate Diploma.

89. SULS breached their contractual obligation by failing to meet Plaintiff's reasonable expectation that they would adhere to ABA Standard 303(a) and 303(c).

90. Upon completion of the Juris Doctorate Program, SULS breached their obligations under the Student Handbook by continuing to insist on classifying Plaintiff as an "active Student" after he was no longer enrolled, having no benefits or obligations therefrom.

91. SULS breached their contractual obligations by effectively forcing Plaintiff, in order to exhaust all administrative remedies, to Petition SULS for readmission to the Juris Doctorate Program when there were no academic requirements for Plaintiff to satisfy;

admission cannot be granted to someone who will not be academically enrolled in a program of study.

92. SULS breached their contractual obligations by responding to Plaintiff's Petition for readmission by requiring him to provide verification from the Bar of Overseers that he could be admitted as an attorney, knowing (or should have known) that in no jurisdiction does the Bar of Overseers provide advisory opinions of this nature.

93. SULS breached their contractual obligations to Plaintiff by unreasonably, arbitrarily and capriciously denying his Petition for readmission after effectively forcing him to engage in an administrative process that was not practical or applicable nearly a decade after he had completed the published Degree Requirements and participated in graduation commencement and not reasonably or fairly weighing a number of compelling mitigating circumstances relevant to Plaintiff's prior conduct, including but not limited to serious mental health factors, years of therapy, rehabilitating himself, being accountable for his prior mistakes and demonstrating great remorseful for them.

94. As a result of Defendants breach, Plaintiff was injured, including, among other things, monetary damages, lost wages, lost profits, emotional distress and other damage.

95. There is no other legal remedy to make Plaintiff whole for his injuries other than equitable relief in the form of specific performance ordering SULS to confer the award of a Juris Doctorate.


## II.    BREACH OF CONTRACT (MONETARY RELIEF)

96. The plaintiff hereby repeats, realleges, and incorporates by reference each and every factual allegation set forth in the preceding Paragraphs as though fully and completely set forth herein.

97. As a result of Defendants breach, Plaintiff was injured, including, among other things, monetary damages, lost wages, lost profits, emotional distress and other damage.


## III.    BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

98. The plaintiff hereby repeats, realleges, and incorporates by reference each and every factual allegation set forth in the preceding Paragraphs as though fully and completely set forth herein.

99. There was a contractual relationship between Plaintiff and SULS that was created by the Student Handbook, drafted by the SULS who enjoyed substantially more bargaining power in its contractual relationship relative to Plaintiff.

100. Plaintiff performed his obligations by completing the Degree Requirements on or before May 20, 2013. SULS failed to perform its contractual obligation to confer a diploma onto Plaintiff, excusing its lack of performance on the basis that a degree would not be conferred while a disciplinary matter was pending.

101. SULS had discretion in performing its duties under the agreement, and exercised its discretion unreasonably in a way that harmed the Plaintiff.

102. This rule was not reflected anywhere in the Degree Requirements or Student Handbook at the time performance was required but rather, arbitrarily and capriciously created and applied to Plaintiff, specifically when the Student Handbook provided SULS with ample discretion to award Plaintiff his Diploma or take other appropriate actions.

103. SULS breached their implied duty when they initiated both a criminal complaint and parallel disciplinary proceedings and actively took part in both when the outcome of the criminal proceeding largely influenced the outcome of the disciplinary proceedings. SULS hosted a witness rehearsal under the direction of the prosecuting District Attorney in the moot courtroom of the school. Witnesses that took part in the rehearsal prior to testifying at trial included at least three (3) Dean's.

104. SULS breached their implied duty to Plaintiff by taking a personal interest and bias favoring an adverse outcome to Plaintiff in the criminal proceeding in order to influence the disciplinary proceeding.

105. SULS unfairly prevented the plaintiff from receiving the benefit of a diploma he was entitled to under the contract created by the Student Handbook and Degree Requirements while SULS received the benefit from Plaintiff in the form of tuition.

106.   Nearly a decade later, SULS had the discretion and opportunity to perform its obligations but declined to do so.

107.   As a result of the breach, Plaintiff sustained damages, injury and other harm.

## IV.    UNDERSCONABILITY[19]

108.   The plaintiff hereby repeats, realleges, and incorporates by reference each and every factual allegation set forth in the preceding Paragraphs as though fully and completely set forth herein.

109.   There was a contractual relationship between Plaintiff and SULS that was created by the Student Handbook, drafted by the SULS who enjoyed substantially more bargaining power in its contractual relationship relative to Plaintiff. The overall substantive imbalance in the contractual relationship and procedural weakness in the bargaining process favored SULS over the Plaintiff.

110.   There exists a gross disparity in values exchanged where SULS received full tuition in exchange for the conference of a diploma upon completion of the Degree Requirements that Plaintiff did not receive.

111.   Upon initiating disciplinary proceedings and filing a criminal complaint, SULS had contractual discretion under Rule 29 of the Disciplinary Procedures in the Student Handbook to place Plaintiff on administrative leave pending the outcome of the disciplinary matter and refund his tuition but instead, chose to retain the tuition and permit Plaintiff to complete the Degree Requirements for his diploma and participate in graduation only to decline to award him a diploma.

112.   SULS had discretion to grant his Petition for readmission for the purposes of conferring the diploma to Plaintiff but instead, chose to deny his Petition with no explanation.

113.   As a result of SULS breach and unconscionable conduct, Plaintiff was harmed, including, among other things, monetary damages, emotional distress and lost income.

---

[19] See NH Rev Stat § 382-A:2-302

## V.    UNJUST ENRICHMENT

114.    The plaintiff hereby repeats, realleges, and incorporates by reference each and every factual allegation set forth in the preceding Paragraphs as though fully and completely set forth herein.

115.    SULS was enriched by and through periodic tuition fees from on or about 2010 - 2013.

116.    SULS enrichment was from or on behalf of Plaintiff and at his expense.

117.    The benefit and retention of tuition at the expense of Plaintiff after completing the Degree Requirements was a result of wrongful acts or passive acceptance by SULS.

118.    The circumstances were such that equity and good conscience required SULS to make restitution, where Defendant accepted and continued to receive tuition, allowed Plaintiff to continue his enrollment and complete the Juris Doctorate Program and participate in the graduation commencement after initiating disciplinary proceedings.

119.    As a result of Defendants breach, Plaintiff was harmed, including, among other things, lost wages, emotional distress and other damage.

## VI.    DECLARATORY JUDGMENT

120.    The plaintiff hereby repeats, realleges, and incorporates by reference each and every factual allegation set forth in the preceding Paragraphs as though fully and completely set forth herein.

121.    Plaintiff completed the Degree Requirements outlined in Student Handbook.

122.    After completing the Degree Requirements published in the SULS Student Handbook and being no longer enrolled in an academic program, Plaintiff was no longer a "Student".

123.    Based on facts, evidence and law, a judicial declaration is necessary to establish that the SULS Policy for readmission imposed on Plaintiff was improper and not applicable because readmission to a university must be reasonably related to an academic purpose where Plaintiff had already completed the Program, making it impractical and void.

124.    Based on facts, evidence and law, a judicial declaration is necessary to establish Plaintiff as a graduate of the SULS Juris Doctorate Program and entitled to the award of a Juris Doctorate upon satisfaction of the Degree Requirements outlined in the Student Handbook.

125.    Based on facts, evidence and law, a judicial declaration is necessary to establish that the disciplinary proceedings between May 2013 to February 2017 were unauthorized by the Student Handbook and are therefore null and void because Plaintiff was no longer a "Student" who was enrolled or enjoyed the benefits of the same.

126.    Based on facts, evidence and law, a judicial declaration is necessary to establish that SULS conduct violated ABA Standard 303(a) when they applied an unpublished and undefined standard to Plaintiff's graduation requirements by requiring him to fully resolve the disciplinary matter prior to receiving a diploma.

127.    Based on facts, evidence and law, a judicial declaration is necessary to establish that SULS conduct violated Plaintiff's reasonable expectations and ABA Standard 303(c) requiring SULS to "...*not continue [Plaintiff's] enrollment... so that the [Plaintiff's] continuation in school would inculcate false hopes, constitute economic exploitation...]* if they did not intend to confer a diploma after initiated disciplinary and criminal proceedings against Plaintiff, retaining his tuition and permitting him to complete the Degree Requirements for his diploma and participate in graduation only to refuse the award of a diploma.

## **CONCLUSION**

128.    Plaintiff has no intention of clearing himself from wrongdoing which, notwithstanding context and mitigating circumstances, he has long acknowledged, taken responsibility for and feels both remorse and regret each and every day. Plaintiffs past actions should be, to an extent, bifurcated in the assessment of this Complaint as, there was no final disposition of wrongdoing until after Plaintiff completed the Published Degree requirements. Weight must be allocated to the fact that Plaintiff has not so much as received a traffic violation, much less been involved in any criminal or disciplinary wrongdoing for approximately a decade. Plaintiff has done everything in his power to

rehabilitate his life as a dedicated Father and contributing member of the community. SULS has essentially stepped in for state regulators to ensure that Plaintiff is precluded from so much as being able to apply to the practice of law.[20] The issue of who is qualified to practice law is reserved for state regulators responsible for determining morality and other qualifications for fitness and licensing. The institution's role is providing knowledge by virtue of an education completed in a particular area of study that is verified by a diploma. Plaintiff does not argue one way or another as to future potential decisions of state regulators but rather, argues that he completed his education, paid his tuition and has earned the right to his Juris Doctorate Diploma upon satisfaction of the Degree Requirements published to the Student Handbook.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment in his favor, including:

*As to all Counts.*

1. Monetary damages, actual damages, lost profits, wages, restitution, interest and costs;

2. Award reasonable attorneys' fees, litigation expenses and court costs, where applicable; and,

3. Award such further relief as justice may require.

*Specifically as to Count I. - Breach of Contract (Equitable Relief - Specific Performance)*

4. Equitable relief and specific performance ordering SULS to confer the award of a Juris Doctorate degree to Plaintiff with an effective date of May, 2013 when it was earned;

*Specifically as to Count VI. - Declaratory Judgment*

5. A Judicial Declaration that Plaintiff graduated from the Juris Doctorate program at SULS Juris Doctorate Program upon satisfaction of the Degree Requirements outlined in the Student Handbook and was entitled to the award of a Juris Doctorate;

---

[20]Counsel for Plaintiff in the disciplinary matter made this argument at the formal hearing in 2017.

22

6. A Judicial Declaration that the Student Handbook did not contain a clearly defined provision permitting the Defendants to withhold the award of a Juris Doctorate for an unresolved disciplinary matter upon Plaintiff's successful completion of the Degree Requirements;

7. A Judicial Declaration that SULS violated Plaintiff's reasonable expectations by arbitrarily and capriciously imposing an additional degree requirement that was not clearly defined as required by ABA Standard 303(a) to fully resolve his pending disciplinary proceedings prior to receiving a diploma;

8. A Judicial Declaration that, upon initiating disciplinary proceedings and filing a criminal complaint, SULS had the contractual discretion under Rule 29 of the Disciplinary Procedures in the Student Handbook to place Plaintiff on administrative leave pending the outcome of the disciplinary matter and refund his tuition but instead, chose to retain the tuition and permit Plaintiff to complete the Degree Requirements for his diploma and participate in graduation only to ultimately refuse the award of the diploma, thereby violating Plaintiff's reasonable expectations by allowing him to continue and complete the Degree Requirements with a pending disciplinary matter in lieu of ABA Standard 303(c) requiring SULS to "...*not continue [Plaintiff's] enrollment... so that the [Plaintiff's] continuation in school would inculcate false hopes, constitute economic exploitation...]*;

9. A Judicial Declaration that the disciplinary proceedings between May 2013 to February 2017 were unauthorized by the Student Handbook and are therefore null and void because Plaintiff was no longer a "Student" with the benefits of obligations of being enrolled; and,

10. A Judicial Declaration that SULS denial of Plaintiff's Petition for readmission is null and void because they unilaterally imposed an administrative process that was not applicable or reasonably related to academic or educational purposes, as Plaintiff cannot be readmitted to a program he previously completed and graduated from upon satisfying the published Degree Requirements.

**TRIAL BY JURY DEMANDED ON ALL ISSUES SO TRIABLE**

Respectfully submitted,
Plaintiff.

/s/        *David Scher*

David Scher
5 Excalibur Road
Farmington, NH 03835
603.534.8290 Tel
daves1232015@gmail.com

Dated: October 26th, 2024.

Filed
File Date: 10/28/2024 10:23 AM
Strafford Superior Court
E-Filed Document

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
**http://www.courts.state.nh.us**

Court Name: Strafford - Superior Court

Case Name: David Scher v. Suffolk University d/b/a Suffolk Law School

Case Number: 219-2024-CV-00503
(if known)

## COMPLAINT

Requested:  ☒ Jury Trial (as allowed by law)  ☐ Bench Trial

1. Plaintiff's Name David Scher

   Residence Address 5 Excalibur Road, Farmington, NH 03835

   Mailing Address (if different) 

   Telephone Number (Home) _____ (Mobile) (603) 534-8290

2. Defendant's Name Suffolk University d/b/a Suffolk Law School

   Residence Address 8 Ashburton Place, Boston, MA 02108

   Mailing Address (if different) Incorp Services, Inc., 152 S Mast Street, Goffstown, NH 03045

   Officer or Authorized Agent: Marisa Kelly

3. First thing that happened (in one sentence):

   Claim amount: $999,999.00. See Complaint

4. Second thing that happened (in one sentence):

   See Complaint

5. Third thing that happened (in one sentence):

   See Complaint

Continue on using separately numbered paragraphs (attach additional sheets if necessary).

TurboCourt.com Form Set #10495380

**Case Name:** David Scher v. Suffolk University d/b/a Suffolk Law School

**Case Number:** _____

**COMPLAINT**

For the reasons stated in this Complaint, I request that the Court issue the following orders:

A. Describe the orders you want the Court to make:

See Complaint

See Complaint

See Complaint

B. All other relief the Court deems fair and just.    [See Attachment(s), 'Item A' (continued)]

| | |
|---|---|
| David Scher | /s/ David Scher                    10/28/24 |
| Name of Filer | Signature of Filer                    Date |
| | (603) 534-8290 |
| Law Firm, if applicable        Bar ID # of attorney | Telephone |
| 5 Excalibur Road | daves1232015@gmail.com |
| Address | E-mail |
| Farmington, NH 03835 | |
| City            State            Zip code | |

TurboCourt.com Form Set #10465380

Attachment Page __1__ (of __1__ )

To Complaint

**Item A (continued)**
See Complaint

See Complaint

If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.

11/7/2024 11:31:15 AM (GMT-05:00)

Case 1:24-cv-00407    Document 1    Filed 12/03/24    Page 39 of 48    File Date: 10/28/2024 10:23 AM
Strafford Superior Court
E-Filed Document

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### http://www.courts.state.nh.us

Court Name: Strafford - Superior Court

Case Name: David Scher v. Suffolk University d/b/a Suffolk Law School

Case Number: 219-2024-CV-00503
(if known)

**MOTION:** Motion

1. I David Scher _____ am filing this motion on my own behalf

   AND/OR

   I am a person authorized by court rules to appear on behalf of another in this case.  I am filing this

   motion on behalf of _____

2. The facts supporting this motion are:

   Motion to Correct Effective Filing Date to October 26, 2024

   Plaintiff timely filed his complaint on 10/26/2024 at 1:21 pm reflected by form set

   #10493602 and paid the filing fee. At 8:26 am on 10/28/2024 Plaintiff received electronic

   notice that it was rejected. Upon contacting the Electronic Filing Department, it was

   [See Attachment(s), item 'Item 2' (continued)]

3. With this motion, I am requesting the following relief:

   Therefore, Plaintiff requests that this Honorable Court GRANT his Motion to modify and

   correct the effective filing date to October 26, 2024 at 1:21 pm.

4. ☐ The other party ☐ does ☐ does not agree with the relief requested in this motion.

   OR

   ☐ I was unable to or did not obtain the other party's opinion on this motion because:

TurboCourt.com Form Set #10495300

**Case Name:** David Scher v. Suffolk University d/b/a Suffolk Law School

**Case Number:**

**MOTION:**

---

**For non e-filed cases:**

I state that on this date I am ☐ mailing by U.S. mail, or ☐ Email (only when there is a prior agreement of the parties to use this method), or ☐ hand delivering a copy of this document to:

_____    or    _____
Other party                                          Other party's attorney

**OR**

---

**For e-filed cases:**

☐    I state that on this date I am sending a copy of this document as required by the rules of the court. I am electronically sending this document through the court's electronic filing system to all attorneys and to all other parties who have entered electronic service contacts (email addresses) in this case. I am mailing or hand-delivering copies to all other interested parties.

---

David Scher
Name of Filer

Law Firm, if applicable          Bar ID # of attorney

5 Excalibur Road
Address

Farmington, NH 03835
City                          State          Zip code

/s/ David Scher                           10/28/24
Signature of Filer                          Date

(603) 534-8290
Telephone

daves1232015@gmail.com
E-mail

---

FOR COURT USE ONLY

Granted    Per the Electtonic Filing Center staff, the original filing was rejected in error.

*Mark E. Howard*
Honorable Mark E. Howard
October 28, 2024

Clerk's Notice of Decision
Document Sent to Parties
on  10/31/2024

TurboCourt.com Form Set #10495380

Attachment Page __1__ (of __1__ )

To Motion _____

Item 2 (continued)

confirmed that the filing was rejected in error and not the fault of
Plaintiff due to an unsigned certificate of service section on the Complaint
which was left blank. Plaintiff was instructed to refile and include this
Motion.

If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.

DAVID SCHER
5 EXCALIBUR RD
Farmington, NH 03835

CERTIFIED MAIL

9589 0710 5270 1955 3013 79





Retail

U.S. POSTAGE PA
FCM LG ENV
ROCHESTER, NH
NOV 04, 2024

02108

**$10.62**

RDC 99

S2324P506503-06

GENERAL COUNSEL

Marie-Louise Skafte. or current Secretary

Suffolk Law School

8 Ashburton Place

Boston, MA 02108

# EXHIBIT B

# STATE OF NEW HAMPSHIRE

**STRAFFORD, SS.**                                      **SUPERIOR COURT**
                                                       **Case No. 219-2024-cv-00503**

---

**DAVID SCHER,**

        **Plaintiff,**                                **NOTICE OF REMOVAL**
                                                        **OF ACTION TO FEDERAL COURT**
**v.**


**SUFFOLK UNIVERSITY AND SUFFOLK
UNIVERSITY LAW SCHOOL,**

        **Defendants,**

---

TO:      Clerk
          Strafford County Superior Court
          259 County Farm Road, Suite 301
          Dover, NH 03820

## <u>NOTICE OF FILING OF REMOVAL OF ACTION TO FEDERAL COURT</u>

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, a Notice of

Removal (with attachments thereto) and a Notice to Adverse Parties of Removal of Action to

Federal Court is being filed this day with the Clerk of the United States District Court for the

District of New Hampshire. Copies of said Notice of Removal and a Notice to Adverse Parties of

Notice of Removal are attached hereto.

Defendant in the above-entitled action, Suffolk University (incorrectly named in the

Complaint as both "Suffolk University" and "Suffolk University Law School"), upon the filing

of the Notice of Removal and this Notice, has effectuated this removal in accordance with 28

U.S.C. § 1446(d).  This Court is respectfully requested to proceed no further with this action

unless and until the case is remanded by order of the United States District Court.

1

Respectfully submitted,

SUFFOLK UNIVERSITY,

By its attorneys,

/s/ *Gregory Manousos*
Gregory A. Manousos, Esq. (NH Bar No. 278303
Morgan, Brown & Joy, LLP
200 State Street, 11th Floor
Boston, MA 02109
Phone: (617) 523-6666
gmanousos@morganbrown.com

Dated: December 3, 2024

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon Plaintiff via e-mail and first-class U.S. mail on December 3, 2024 at:

David Scher
5 Excalibur Road
Farmington, NH 03835
Daves1232015@gmail.com


/s/*Gregory Manousos*
Gregory A. Manousos

2

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| |
|---|
| **DAVID SCHER,** |
| **Plaintiff,** |
| **v.** |
| **SUFFOLK UNIVERSITY AND SUFFOLK UNIVERSITY LAW SCHOOL,** |
| **Defendants.** |

Case Number: _____

**NOTICE TO ADVERSE PARTIES OF REMOVAL OF STATE ACTION**
**TO THE U.S. DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE**

**TO:**  David Scher
5 Excalibur Road
Farmington, NH 03835
Daves1232015@gmail.com

Please take notice that on December 3, 2023, pursuant to 28 U.S.C. §1446, the Defendant,

Suffolk University (incorrectly named in the Complaint as both "Suffolk University" and "Suffolk

University Law School") filed the attached Notice of Removal and supporting documents in the

United States District Court for the District of New Hampshire, to effect the removal of this matter

to the United States District Court for the District of New Hampshire.

Respectfully submitted,

SUFFOLK UNIVERSITY,

By its Attorneys,

*/s/Gregory Manousos*
Gregory A. Manousos (NH Bar No. 278303)
Morgan, Brown & Joy, LLP
200 State Street, 11th floor
Boston, MA  02109
T: (617) 523-6666
F: (617) 367-3125

gmanousos@morganbrown.com

Dated: December 3, 2024

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon Plaintiff via e-mail and first-class U.S. mail on December 3, 2024 at:

David Scher
5 Excalibur Road
Farmington, NH 03835
Daves1232015@gmail.com


*/s/Gregory Manousos*
Gregory A. Manousos

2